Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
317 East Spruce Street
P.O. Box 7051
Missoula, MT 59807-7051
406-721-1435
tim@bechtoldlaw.net

Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| BRANDY AZURE,<br><br>          Plaintiff,<br>  vs.<br><br>UNITED STATES OF AMERICA, JARED STANDING, and ROOSEVELT COUNTY,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CV-21-112-GF-BMM-JTJ

**COMPLAINT**

Plaintiff alleges as follows:

1.     This is an action for deprivation of civil rights under color of law, and for

assault and battery, negligence, and other wrongful acts. This action arises

out of both federal and state law for damages resulting from the unlawful

conduct of Defendants.

2.   This Court has jurisdiction over this cause of action pursuant to the Federal Tort Claims Act, 28 U.S.C. 2671, *et seq*., because the claim arises from conduct of federal government agents and Plaintiff has exhausted administrative remedies.

3.   This Court has exclusive jurisdiction over tort claims brought against the United States pursuant to 28 U.S.C. § 1346(b).

4.   This Court also has subject matter jurisdiction over claims specified in this Complaint pursuant to 42 USC §1983, 28 USC §1331, 28 USC §1343, and 42 USC §1988.  Plaintiff also seeks redress for violations of protections afforded under the Montana Constitution.

5.   Jurisdiction for state law claims against Defendants pursuant to the law of the State of Montana is conferred upon this Court pursuant to 28 U.S.C. §1367.

6.   Plaintiff Brandy Azure is an enrolled tribal member on the Fort Peck Indian Reservation, a citizen of the State of Montana, and a resident of Roosevelt County, Montana.

7.   At all times relevant to this lawsuit, Defendant Jared Standing was a law

enforcement officer employed by Roosevelt County.

8.    Brandy Azure filed Federal Tort Claim Act claims on April 13, 2021, and the

Department of Interior Bureau of Indian Affairs received the claims on April

21, 2021. The government has not acted on the claims, therefore Plaintiff's

claims are now ripe for adjudication.

9.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(e) and 1402(b)

and LR 3.2 because the incidents giving rise to this lawsuit occurred in

Roosevelt County, Montana.

10.   On July 11, 2019, Brandy Azure went out with some friends to the

Cattleman's Cut Bar near Wolf Point, Montana. After closing time in the

morning of July 12, 2019, the friends dropped Ms. Azure at her mother's

house in Poplar, Montana.

11.   Ms. Azure had arranged for her daughter and two-year-old granddaughter

to stay with her mother that night. Upon arriving at her mother's house,

Ms. Azure discovered that her daughter and granddaughter were not there,

but had gone to a house known to Ms. Azure to be a meth house.

12.   Ms. Azure went to the meth house to extract her daughter and

granddaughter. People at the meth house called the police. Roosevelt

County deputy Jared Standing came to the meth house and arrested Ms. Azure for a domestic disturbance and transported her to the Poplar tribal jail.

13. At the Poplar tribal jail, Deputy Standing processed Ms. Azure, then Tribal Correctional Officer Jason Cook told Ms. Azure that she had to take off her clothes and put on an orange jumpsuit. Ms. Azure refused.

14. CO Cook then told Ms. Azure that if she did not change her clothes, he would do it for her. Ms. Azure still refused.

15. CO Cook then became visibly angry, walked out the booking room, then returned and told Ms. Azure to put her hands behind her back, which she did.

16. CO Cook then grabbed Ms. Azure's arm and lifted it behind her and directed her into a holding cell. Deputy Standing followed them into the holding cell.

17. CO Cook told Ms. Azure to get on her knees. Ms. Azure noticed that there were no video cameras in the cell and asked Deputy Standing if he had his video on. Deputy Standing replied that he did have his video on.

18. Ms. Azure repeatedly asked CO Cook to allow her to remain in her own

clothes, since she was not going to come in contact with anyone else in the jail.

19. CO Cook repeatedly threatened to undress Ms. Azure if she refused to change into an orange jumpsuit.

20. Ms. Azure told CO Cook that he could not undress her, to which he replied, "Yes the fuck I can." Deputy Standing and CO Cook then each took one of Ms. Azure's arms and forced her face first onto the floor of the cell and handcuffed her hands behind her back.

21. CO Cook stripped off Ms. Azure's pants and underwear.

22. Ms. Azure told Deputy Standing and CO Cook that it was improper for two males to strip a female and that she felt violated. CO Cook responded, "You're welcome to feel violated."

23. CO Cook then removed the handcuffs from Ms. Azure and stripped off the two shirts and bra she was wearing.

24. Ms. Azure remained laying completely naked on the floor of the cell. CO Cook and Deputy Standing left the cell.

25. After a period of time, CO Mike Boxer brought Ms. Azure a blanket.

26. Later CO Carrie Pribbernow came to the cell and brought back Ms. Azure's

clothing and Ms. Azure was released.

27.   Several days later, the charges against Ms. Azure were dismissed.

28.   Ms. Azure filed a complaint with the BIA, which conducted an internal

affairs investigation.

29.   The investigation resulted in findings that Ms. Azure's allegations of

excessive use of force, conduct unbecoming, and disrespectful conduct

were all sustained.

30.   This suit seeks money damages as compensation for the injuries and

damages incurred and continuing to be incurred by Brandy Azure that were

caused by the negligent and wrongful acts and omissions of employees of

the United States Government acting within the scope of their office and

employment, under circumstances where the United States, if a private

person, would be liable to Brandy Azure in accordance with the laws of the

State of Montana, as well as the negligent and wrongful acts of Deputy

Standing and Roosevelt County.

31.   The United State is liable for the actions and conduct of its agents as

alleged in this Complaint, as they were acting within the course and scope

of their employment as officers for the Bureau of Indian Affairs.

32. While acting under the color of state law, agents of Defendants subjected Brandy Azure to deprivation of rights, privileges, or immunities secured by the United States Constitution.

33. Defendant's agents acted with deliberate indifference to the substantial risk of serious harm to Brandy Azure.

34. Brandy Azure would have suffered less harm if Defendants and their agents had not acted with deliberate indifference to the substantial risk of harm to Brandy Azure.

35. The acts of Defendants Standing and Roosevelt County and the acts of the agents of Defendant United States shock the conscience and offend the community's sense of fair play and decency, and resulted in harm to Brandy Azure.

36. At all times pertinent, Defendants were subject to a duty of care under law to protect Brandy Azure's constitutional, statutory, and common law rights. Defendants and their agents breached the applicable standards of care, including negligent violation of Brandy Azure's constitutional, statutory, and common law rights, and negligent performance of official duties.

37. The conduct of Defendants Standing and Roosevelt County and the conduct

of the agents of Defendant United States caused damage to Brandy Azure.

## COUNT 1
## 42 USC § 1983
## INDIVIDUAL LIABILITY

38.    Plaintiff hereby incorporates all prior paragraphs.

39.    At all times in which he interacted with Brandy Azure on or about July 12,
2019, Deputy Standing acted under color of law, statutes, ordinances, rules,
regulations, customs, policies, practices, and/or usages of Roosevelt
County.

40.    At all times in which they interacted with Brandy Azure on or about July 12,
2019, Deputy Standing and CO Cook acted acted within the course and
scope of their employment.

41.    Deputy Standing and CO Cook, while acting under color of law, deprived
Brandy Azure of her civil rights under the Fourth Amendment to be free
from detention and arrest not based on reasonable suspicion or probable
cause, and to be free from unreasonable seizures, false arrest, false
imprisonment, and excessive force.

42.    Deputy Standing and CO Cook, while acting under color of law, deprived

Brandy Azure of her civil rights under the Fourteenth Amendment to due process of law and freedom from cruel and unusual punishment.

43.   The acts and omissions of Deputy Standing and CO Cook, while carried out under color of law, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power, shock the conscience, are fundamentally unfair, arbitrary and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally undertake in the course of protecting persons or property, or ensuring civil order. The above acts and omissions were consciously chosen from among various alternatives.

44.   Deputy Standing and CO Cook assaulted Brandy Azure in violation of rights guaranteed to Brandy Azure under the United States Constitution.

45.   This unnecessary and unwarranted use of force was an unlawful and excessive use of force, in violation of Brandy Azure's rights.

46.   Each of the foregoing acts and/or omissions in this Count directly and proximately caused or contributed to Brandy Azure's constitutional deprivations, injuries, and damages. Brandy Azure suffered and will continue to suffer great mental and physical pain, suffering, anguish, fright,

nervousness, anxiety, shock, humiliation, indignity, harm to reputation, and

apprehension, which have caused Brandy Azure to sustain damages in a

sum to be determined at trial.

**COUNT 2**
**42 USC § 1983**
**ENTITY LIABILITY**

47.   Plaintiff hereby incorporates all prior paragraphs.

48.   Defendant Roosevelt County established policies, customs, and practices

that caused the violation of Brandy Azure's rights under the United States

Constitution.

49.   The policies, customs, and practices implicitly or explicitly adopted by

Defendant Roosevelt County amounted to deliberate indifference to and

conscious disregard of Brandy Azure's constitutional rights and ratification

of violation of those rights.

50.   These constitutional violations were acts of official governmental policies.

51.   Each of the foregoing acts and/or omissions in this Count directly and

proximately caused or contributed to Brandy Azure's constitutional

deprivations, injuries, and damages. Brandy Azure suffered and will

continue to suffer great mental and physical pain, suffering, anguish, fright,

nervousness, anxiety, shock, humiliation, indignity, harm to reputation, and

apprehension, which have caused Brandy Azure to sustain damages in a

sum to be determined at trial.

**COUNT 3**
**MONTANA CONSTITUTIONAL RIGHTS**

52. Plaintiff hereby incorporates all previous paragraphs.

53. Pursuant to the Montana Constitution, *see Dorwart v. Caraway*, 58 P.3d

128 (Mont. 2002), Brandy Azure has the fundamental, inalienable, and self-

executing rights to individual privacy; to be secure in her person, papers,

home, and effects from unreasonable searches and seizures; and not to be

deprived of life, liberty, or property without due process of law.

54. Defendants' acts and omission related to the incident involving Brandy

Azure on July 12, 2019, violated Brandy Azure's constitutional rights.

55. Brandy Azure has the right to seek recourse against those who violate her

constitutional rights.

56. Each of the foregoing acts and/or omissions in this Count directly and

proximately caused or contributed to Brandy Azure's constitutional

deprivations, injuries, and damages, and Brandy Azure is entitled to compensatory damages and attorneys' fees for Defendants' violations of her state constitutional rights.

## COUNT 4
## NEGLIGENCE

57.  Plaintiff hereby incorporates all previous paragraphs.

58.  At all times pertinent to this Complaint, Defendants were subject to a duty of care under state law in the exercise of the police function to protect Brandy Azure's constitutional, statutory, and common law rights. The conduct of Defendants as set forth in this Complaint does not comply with the standard of care, and included negligent use of excessive force; negligent training, supervision, and discipline of law enforcement officers; negligent enactment, enforcement, and violation of law enforcement policies and procedures; negligent violation of Brandy Azure's constitutional, statutory, and common law rights; and negligent performance of official duties.

59.  As a direct and proximate result of Defendants' negligence, Brandy Azure suffered injuries.

**COUNT 5**
**ASSAULT AND BATTERY**

60.   Plaintiff hereby incorporates all previous paragraphs.

61.   Deputy Standing and CO Cook intentionally made harmful or offensive

contact with Brandy Azure. Their use of force exceeded that necessary to

restrain or detain or arrest Brandy Azure.

62.   Deputy Standing's and CO Cook's intentional acts constituted assault and

battery upon Brandy Azure, and directly and proximately caused injuries to

Brandy Azure.

**COUNT 6**
**INFLICTION OF EMOTIONAL DISTRESS**

63.   Plaintiff hereby incorporates all previous paragraphs.

64.   Defendants' negligent or intentional acts and omissions described here

caused Brandy Azure to suffer serious or severe emotional distress that no

reasonable person would be expected to endure.

65.   Any normal person in Brandy Azure's situation would have experienced

severe emotional distress as Brandy Azure has.

66.   As a direct and proximate result of Defendants' conduct, Brandy Azure

suffered, and continue to suffer, serious and severe emotional distress that was a reasonably foreseeable consequence of Defendants' negligent or intentional acts and omissions, entitling Brandy Azure to damages.

## COMPENSATORY DAMAGES

67.   As a direct result of Defendants' unlawful conduct, Brandy Azure suffered violations of her constitutional rights as set forth above.

68.   As a direct and proximate result of Defendants' unlawful conduct, Brandy Azure suffered physical and emotional pain and injuries.

## ATTORNEYS' FEES

69.   Pursuant to 42 USC § 1988, the Court may allow an award of attorneys' fees to Plaintiff if she prevails on claims asserted under 42 USC § 1983.

70.   Plaintiff is entitled to recover reasonable attorneys' fees for violations of state constitutional rights under Montana's private attorney general doctrine.

## RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to grant the following relief:

1.     For damages in a reasonable amount to compensate Plaintiff fully for deprivation of her constitutional rights;

2.     For damages in a reasonable amount to compensate Plaintiff fully for all of her injuries;

3.     For declaratory and injunctive relief;

4.     For attorneys' fees pursuant to 42 USC § 1988;

5.     For reimbursement of costs and expenses of suit; and

6.     For such further relief as the Court deems fair and just.

DATED this 8th day of November, 2021.

/s/ Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC