Harlan B. Krogh
Haley Ford
Crist, Krogh, Alke & Nord, PLLC
2708 1st Avenue North, Suite 300
Billings, MT 59101
Telephone:  (406) 255-0400
Facsimile:  (406) 255-0697
hkrogh@cristlaw.com
hford@cristlaw.com
        *Attorneys for Defendants*
        *Jared Standing and Roosevelt County*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| BRANDY AZURE,<br><br>       Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA, JARED STANDING, JOHN COOK, ROOSEVELT COUNTY, and DOES 1-10,<br><br>       Defendants. | CV-21-112-GF-BMM-JTJ<br><br><br><br>**DEFENDANT ROOSEVELT COUNTY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND CROSS CLAIM** |
| ROOSEVELT COUNTY,<br><br>       Cross-Claim Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>       Cross-Claim Defendant. | |

COMES NOW Defendant Roosevelt County, by and through its attorneys of record, Crist, Krogh, Alke & Nord, PLLC, and for its Answer to Plaintiff's Second Amended Complaint and Cross Claim, admits, denies and alleges as to each of the numbered paragraphs of the Second Amended Complaint as follows:

## INTRODUCTION

1.      The allegations contained in paragraph 1 of the Second Amended Complaint are statements of law or legal arguments which do not require a response.  If a response is deemed to be required to any factual allegations contained therein, Defendant Roosevelt County denies that its conduct was unlawful or actionable in anyway.

2.      The allegations contained in paragraph 2 of the Second Amended Complaint are directed at another named Defendant and therefore no response is required of Defendant Roosevelt County.

3.      The allegations contained in paragraph 3 of the Second Amended Complaint are directed at another named Defendant and therefore no response is required of Defendant Roosevelt County.

4.       As to the allegations contained in paragraph 4 of the Second Amended Complaint, Defendant Roosevelt County admits that the Court has jurisdiction over claims arising under the United States Constitution including 28 U.S.C. §§1331, 1343 and 42 U.S.C. §§ 1983 and 1988. The remaining allegations

contained in paragraph 4 are statements of law or legal arguments which do not require a response from this Defendant.

5.     As to the allegations contained in paragraph 5 of the Second Amended Complaint, Defendant Roosevelt County admits that the federal court may exercise pendent or supplemental jurisdiction on state law claims as provided under 28 U.S.C. § 1367.

6.     Upon information and belief, Defendant Roosevelt County admits that Plaintiff Brandy Azure is an enrolled tribal member of the Fort Peck Indian Reservation, a citizen of the State of Montana and a resident of Roosevelt County, Montana.

7.     Defendant Roosevelt County admits that at all times relevant to the events relating to this action, Defendant Jared Standing was acting in the course and scope of his employment as a law enforcement officer employed by Roosevelt County, Montana.

8.     The allegations contained in paragraph 8 of the Second Amended Complaint are directed at another named Defendant and therefore no factual response is required of Defendant Roosevelt County.

9.     The allegations contained in paragraph 9 of the Second Amended Complaint are directed at unnamed Defendants and therefore no factual response is required of Defendant Roosevelt County.

10.     The allegations contained in paragraph 10 of the Second Amended Complaint are directed at another named Defendant and therefore no factual response is required of Defendant Roosevelt County.

11.     As to the allegations contained in paragraph 11 of the Second Amended Complaint, Defendant Roosevelt County does not object to the current venue.

12.      Defendant Roosevelt County is without sufficient information in which to admit or deny the allegations contained in paragraph 12 of the Second Amended Complaint and therefore must deny the same at this time.

13.     Defendant Roosevelt County is without sufficient information in which to admit or deny the allegations contained in paragraph 13 of the Second Amended Complaint and therefore must deny the same at this time.

14.     Defendant Roosevelt County admits in the early hours of July 12, 2019, at around 04:39, Deputy Roosevelt County Sheriff Jared Standing was dispatched to the location of 119 ½ A St. East, Poplar, MT, from a call to 9-1-1 complaining of domestic violence.  Defendant Roosevelt County admits that probable cause existed for Defendant Standing to arrest Brandy Azure and that Defendant Standing transported Plaintiff to the tribal jail located in Poplar, MT. As to the remaining allegations contained in paragraph 14, Defendant Roosevelt

County is without sufficient information in which to admit or deny the allegations and therefore must deny the same at this time.

15.     As to the allegations contained in paragraph 15 of the Second Amended Complaint, Defendant Roosevelt County admits that Defendant Standing processed Plaintiff Brandy Smith Azure to be detained under the custody and control to the Fort Peck Tribal Jail.   The remaining allegations contained in paragraph 15 are directed at another named defendant and therefore no response is required of Defendant Roosevelt County.  If a response is deemed to be required, Defendant Roosevelt County admits that during the time Plaintiff was in the custody of the Tribal Jail, she was requested on several occasions by a detention officer to change into tribal jail authorized clothing and that she refused to do so.

16.     The allegations contained in paragraph 16 of the Second Amended Complaint are directed at another named Defendant and therefore no response is required of Defendant Roosevelt County.   If a response is deemed to be required, Defendant Roosevelt County admits that Brandy Azure refused to comply with requests made by a tribal jail detention officer.  Defendant Roosevelt County is without sufficient information in which to admit or deny the remaining allegations contained in paragraph 16 of the Second Amended Complaint and therefore must deny the same at this time.

17.     The allegations contained in paragraph 17 of the Second Amended Complaint are directed at another named Defendant and therefore no response is required of Defendant Roosevelt County.  If a response is deemed to be required, Defendant Roosevelt County is without sufficient information in which to admit or deny the allegations and therefore must deny the same at this time.

18.     Defendant Roosevelt County is without sufficient information in which to admit or deny the allegations contained in paragraph 18 of the Second Amended Complaint and therefore must deny the same at this time.

19.     As to the allegations contained in paragraph 19 of the Second Amended Complaint, Defendant Roosevelt County admits that Deputy Sheriff Jared Standing was asked if he had his body camera on.  As to the remaining allegations contained in paragraph 19, those allegations are directed at another Defendant and therefore no response is required of Defendant Roosevelt County.

20.     The allegations contained in paragraph 20 of the Second Amended Complaint are directed at another named Defendant and therefore no response is required of Defendant Roosevelt County.  If a response is deemed to be required, Defendant Roosevelt County is without sufficient information in which to admit or deny the allegations and therefore must deny the same at this time.

21.     The allegations contained in paragraph 21 of the Second Amended Complaint are directed at another named Defendant and therefore no response is

required of Defendant Roosevelt County. If a response is deemed to be required, Defendant Roosevelt County is without sufficient information in which to admit or deny the allegations and therefore must deny the same at this time.

22. The allegations contained in paragraph 22 of the Second Amended Complaint are directed at another named Defendant and therefore no response is required of Defendant Roosevelt County. If a response is deemed to be required, Defendant Roosevelt County is without sufficient information in which to admit or deny the allegations and therefore must deny the same at this time.

23. The allegations contained in paragraph 23 of the Second Amended Complaint are directed at another named Defendant and therefore no response is required of Defendant Roosevelt County. If a response is deemed to be required, Defendant Roosevelt County is without sufficient information in which to admit or deny the allegations and therefore must deny the same at this time.

24. The allegations contained in paragraph 24 of the Second Amended Complaint are directed at another named Defendant and therefore no response is required of Defendant Roosevelt County. If a response is deemed to be required, Defendant Roosevelt County is without sufficient information in which to admit or deny the allegations and therefore must deny the same at this time.

25. The allegations contained in paragraph 25 of the Second Amended Complaint are directed at another named Defendant and therefore no response is

required of Defendant Roosevelt County.  If a response is deemed to be required, Defendant Roosevelt County is without sufficient information in which to admit or deny the allegations and therefore must deny the same at this time.

26.     The allegations contained in paragraph 26 of the Second Amended Complaint are directed at another named Defendant and therefore no response is required of Defendant Roosevelt County. If a response is deemed to be required, Defendant Roosevelt County is without sufficient information in which to admit or deny the allegations and therefore must deny the same at this time.

27.     The allegations contained in paragraph 27 of the Second Amended Complaint are directed at another named Defendant and therefore no response is required of Defendant Roosevelt County.  If a response is deemed to be required, Defendant Roosevelt County is without sufficient information in which to admit or deny the allegations and therefore must deny the same at this time.

28.     The allegations contained in paragraph 28 of the Second Amended Complaint are directed at another named Defendant and therefore no response is required of Defendant Roosevelt County.  If a response is deemed to be required, Defendant Roosevelt County is without sufficient information in which to admit or deny the allegations and therefore must deny the same at this time.

29.     Defendant Roosevelt County is without sufficient information in which to admit or deny the allegations contained in paragraph 29 of the Second Amended Complaint and therefore must deny the same at this time.

30.     The allegations contained in paragraph 30 of the Second Amended Complaint are directed at another named Defendant and therefore no response is required of Defendant Roosevelt County.  If a response is deemed to be required, Defendant Roosevelt County is without sufficient information in which to admit or deny the allegations and therefore must deny the same at this time.

31.     The allegations contained in paragraph 31 of the Second Amended Complaint are directed at another named Defendant and therefore no response is required of Defendant Roosevelt County.

32.     The allegations contained in paragraph 32 of the Second Amended Complaint are statements of law or legal argument which do not require a response.  If a response is deemed to be required to any factual allegations contained therein, Defendant Roosevelt County denies that it was negligent or that its actions were unlawful or actionable in any way.

33.     The allegations contained in paragraph 33 of the Second Amended Complaint are directed at another named Defendant and therefore no response is required of Defendant Roosevelt County.

34.    The allegations contained in paragraph 34 of the Second Amended Second Amended Complaint are directed at another named Defendant and therefore no factual response is required of Defendant Roosevelt County.

35.    Defendant Roosevelt County denies the allegations as stated in paragraph 35 of the Second Amended Complaint.

36.    Defendant Roosevelt County denies the allegations as stated in paragraph 36 of the Second Amended Complaint.

37.    Defendant Roosevelt County denies the allegations as stated in paragraph 37 of the Second Amended Complaint.

38.    Defendant Roosevelt County denies the allegations as stated in paragraph 38 of the Second Amended Complaint.

39.    The allegations contained in paragraph 39 of the Second Amended Complaint are statements of law or legal argument which do not require a response.  If a response is deemed to be required to any factual allegations contained therein, Defendant Roosevelt County denies that its actions or conduct was negligent or that it was unlawful or actionable in any way.

40.    Defendant Roosevelt County denies the allegations as stated in paragraph 40 of the Second Amended Complaint.

## COUNT 1
## 42 U.S.C. § 1983
## INDIVIDUAL LIABILITY

41.    Defendant Roosevelt County realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 40 of this Answer as if fully set forth herein.

42.    As to the allegations contained in paragraph 42 of the Second Amended Complaint, Defendant Roosevelt County admits that Defendant Jared Standing was acting in the course and scope of his employment as a Deputy Sheriff for Roosevelt County, MT.  Defendant Roosevelt County denies the remaining allegations as stated in paragraph 42 of the Second Amended Complaint.

43.    As to the allegations contained in paragraph 43 of the Second Amended Complaint, Defendant Roosevelt County admits that Defendant Jared Standing was acting in the course and scope of his employment as a Deputy Sheriff for Roosevelt County, MT.

44.    Defendant Roosevelt County denies the allegations in paragraph 44 of the Second Amended Complaint.

45.    Defendant Roosevelt County denies the allegations as stated in paragraph 45 of the Second Amended Complaint.

46.    Defendant Roosevelt County denies the allegations as stated in paragraph 46 of the Second Amended Complaint.

47.     Defendant Roosevelt County denies the allegations as stated in paragraph 47 of the Second Amended Complaint.

48.     Defendant Roosevelt County denies the allegations as stated in paragraph 48 of the Second Amended Complaint.

49.     Defendant Roosevelt County denies the allegations as stated in paragraph 49 of the Second Amended Complaint.

**COUNT 2**
**42 U.S.C. § 1983**
**ENTITY LIABILITY**

50.     Defendant Roosevelt County realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 49 of this Answer as if fully set forth herein.

51.     Defendant Roosevelt County denies the allegations as stated in paragraph 51 of the Second Amended Complaint.

52.     Defendant Roosevelt County denies the allegations as stated in paragraph 52 of the Second Amended Complaint.

53.     Defendant Roosevelt County denies the allegations as stated in paragraph 53 of the Second Amended Complaint.

54.     Defendant Roosevelt County denies the allegations as stated in paragraph 54 of the Second Amended Complaint.

## COUNT 3
## MONTANA CONSTITUTIONAL RIGHTS

55.     Defendant Roosevelt County realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 54 of this Answer as if fully set forth herein.

56.     The allegations contained in paragraph 56 of the Second Amended Complaint are statements of law or legal argument which do not require a response.  If a response is deemed to be required, Defendant Roosevelt County denies the allegations as stated in paragraph 56 of the Second Amended Complaint and Jury Demand.

57.     Defendant Roosevelt County denies the allegations as stated in paragraph 57 of the Second Amended Complaint.

58.     Defendant Roosevelt County denies the allegations as stated in paragraph 58 of the Second Amended Complaint.

59.     Defendant Roosevelt County denies the allegations as stated in paragraph 59 of the Second Amended Complaint.

## COUNT 4
## NEGLIGENCE

60.     Defendant Roosevelt County realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 59 of this Answer as if fully set forth herein.

61.     Defendant Roosevelt County denies the allegations as stated in paragraph 61 of the Second Amended Complaint.

62.     Defendant Roosevelt County denies the allegations as stated in paragraph 60 of the Second Amended Complaint.

## COUNT 5
## ASSAULT AND BATTERY

63.     Defendant Roosevelt County realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 62 of this Answer as if fully set forth herein.

64.     Defendant Roosevelt County denies the allegations as stated in paragraph 64 of the Second Amended Complaint.

65.     Defendant Roosevelt County denies the allegations as stated in paragraph 65 of the Second Amended Complaint.

## COUNT 6
## INFLICTION OF EMOTIONAL DISTRESS

66.     Defendant Roosevelt County realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 65 of this Answer as if fully set forth herein.

67.     Defendant Roosevelt County denies the allegations as stated contained in paragraph 67 of the Second Amended Complaint.

68.     Defendant Roosevelt County denies the allegations as stated in paragraph 68 of the Second Amended Complaint.

69.     Defendant Roosevelt County denies the allegations as stated in paragraph 69 of the Second Amended Complaint.

## COMPENSATORY DAMAGES

70.     Defendant Roosevelt County denies the allegations as stated in paragraph 70 of the Second Amended Complaint.

71.     Defendant Roosevelt County denies the allegations as stated in paragraph 71 of the Second Amended Complaint.

## ATTORNEYS' FEES

72.     The allegations contained in paragraph 72 of the Second Amended Complaint are statements of law or legal argument which do not require a response.  If a response is deemed to be required, Defendant Roosevelt County denies the allegations as stated in paragraph 72 of the Second Amended Complaint.

73.     Defendant Roosevelt County denies the allegations as stated in paragraph 73 of the Second Amended Complaint.

## AFFIRMATIVE AND GENERAL DEFENSES

1.     Plaintiff's Second Amended Second Amended Complaint fails to state a claim upon which relief may be granted against Defendant Roosevelt County.

2.      Plaintiff's claims may be barred by the doctrines of absolute judicial, quasi-judicial, prosecutorial, and/or statutory immunity.

3.      Defendant Jared Standing may be entitled to qualified immunity.

4.      Plaintiff's constitutional claims fail as a matter of law because neither Plaintiff's state nor federal rights were violated.

5.      Defendant Roosevelt County acted in accordance with applicable federal and state law, including the United States and Montana Constitutions and 42 U.S.C. Section 1983.

6.      Defendant Roosevelt County's actions and/or conduct were justified, reasonable, warranted and authorized.

7.      Plaintiff's alleged injuries and damages were caused in part by her own actions/inactions or intentional and wrongful conduct and therefore recovery is barred entirely or must be reduced accordingly.

8.      Plaintiff's alleged injuries and damages were caused by and directly contributed to by the negligence of others, and therefore recovery is barred entirely as to Defendant Roosevelt County or must be reduced accordingly.

9.      Plaintiff's alleged injuries and damages were not proximately or legally caused by any act or omission of Defendant Roosevelt County.

10.     Discovery may disclose that Plaintiff failed to reasonably mitigate her claimed damages.

11.     The same allegations are asserted against Defendant Jared Standing and Defendant Roosevelt County.  Therefore, the provisions of Mont. Code Ann. § 2-9-305 and common law are applicable.

12.     Defendant Roosevelt County is entitled to the damage limitations provided under Mont. Code Ann. § 2-9-108.

13.     Defendant Roosevelt County is statutorily immune from an award of punitive damages.

14.     Plaintiff is not entitled to the award of attorneys' fees or costs.  If the Court were to allow such an award, Defendant Roosevelt County is entitled to the award of attorneys' fees in the defense of the allegations in the Second Amended Complaint.

15.     Defendant Roosevelt County has not adopted and does not maintain any policy, practice, or custom to deny any individual her constitutionally protected rights.

16.     Plaintiff is not entitled to declaratory and/or injunctive relief.

17.     Defendant Roosevelt County reserves the right to plead or withdraw such other Affirmative and General Defenses which through ongoing investigation and discovery are found to be applicable or inapplicable to the facts of this case.

WHEREFORE, Defendant Roosevelt County prays for the following relief:

1.      That Plaintiff take nothing by way of her Second Amended Complaint;

2.      That the Court dismiss all claims or causes of action pled against Defendant Roosevelt County and enter judgment in favor of Defendant Roosevelt County and against Plaintiff;

3.      That the Court award Defendant Roosevelt County its attorneys' fees and costs of suit in defense; and,

4.      For any other and further relief as the District Court may deem just and equitable.

## CROSS CLAIM AGAINST UNITED STATES OF AMERICA

Defendant/Cross Claim Plaintiff Roosevelt County, for its Cross Claim against Defendant/Cross Claim Defendant United States of America, allege as follows:

1.      Defendant/Cross Claim Plaintiff Roosevelt County is a political subdivision of the State of Montana.

2.      Defendant and Cross Claim Defendant United States of America is responsible for the actions of tribal correctional officers employed at the Fort Peck Tribal Jail through the authority, responsibility and supervision of the Bureau of Indian Affairs, United States of America.

3.      Plaintiff Brandy Azure has alleged in her Second Amended Complaint that Tribal Correctional Officer Cook employed by the Bureau of Indian Affairs (BIA) violated her civil rights when she was in the custody and control of the United States of America at the Fort Peck Tribal Jail in Poplar, MT.

4.      Plaintiff Brandy Azure alleges that agent(s) of the Fort Peck Tribal Jail/Bureau of Indian Affairs acted with deliberate indifference to the substantial risk of serious harm to her, that Tribal Correctional Officers deprived her of rights, privileges or immunities secured by the United States Constitution, that Plaintiff suffered harm and that federal government agents were negligent in the performance of their official duties, that their negligence including the use of excessive force, negligent training, supervision and discipline of officers, negligent enactment, enforcement and violation of law enforcement policies and procedures breached the applicable standards of care, that the federal agents' negligence violated Brady Azure's constitutional, statutory and common law rights, that Tribal Officers assaulted and battered her and inflicted upon her serious and severe emotional distress.

5.      Defendant and Cross Claim Plaintiff Roosevelt County has been sued by the Plaintiff Brandy Azure for the damages and/or injuries caused by the actions of agents of Defendant/Cross Claim Defendant United States of America while Plaintiff was in the custody and control of the Tribal Jail in Poplar, Montana.

6.      Any alleged actions taken by Cross Claim Plaintiff Roosevelt County and/or its Deputy Sheriff Defendant Jared Standing were taken at the direction, request or command of Tribal Correctional Officers through the Fort Peck Tribal Jail.

## COUNT I
### Indemnification

7.      Defendant and Cross Claim Plaintiff Roosevelt County hereby incorporates the foregoing paragraphs of this Cross Claim.

8.      Cross Claim Defendant United States of America is obligated to defend, indemnify and hold harmless Cross Claim Plaintiff Roosevelt County from Plaintiff's allegations in this matter and for any potential liability and/or damages imposed, awarded or ordered in this action.

## COUNT II
### Contribution

9.      Cross Claim Plaintiff Roosevelt County hereby incorporates the foregoing paragraphs of this Cross claim.

10.     Pursuant to § 27-1-703, MCA, Cross Claim Plaintiff Roosevelt County has a right of contribution against the United States of America for any negligence on their behalf that may has contributed to or was a proximate cause of the alleged damages and/or injuries complained of by the Plaintiff.

WHEREFORE, Defendant/ Cross Claim Plaintiff Roosevelt County, prays for the following relief:

1.      That Plaintiff take nothing by way of her Second Amended Complaint;

2.      That judgment be entered in favor of Defendant Roosevelt County, and against Plaintiff;

3.      That the United States of America indemnify and hold harmless Cross Claim Plaintiff Roosevelt County for any liability, damages, injuries awarded to Plaintiff, including attorney's fees, as well as any expenses and costs incurred in defending this action;

4.      That Cross Claim Plaintiff Roosevelt County receive Contribution from the United States of America for any liability and/or damages imposed on, awarded or ordered against Roosevelt County as permitted by law;

5.      That in the event Plaintiff prevails against Defendants, judgment be entered in favor of Roosevelt County and against the United States of America as permitted by law;

6.      That the Court award Defendant Roosevelt County its costs of suit; and,

7.      For any other and further relief as the District Court may deem just and equitable.

DATED this 3rd day of March, 2022.

CRIST, KROGH, ALKE & NORD, PLLC

By:   /s/ Harlan B. Krogh
       Harlan B. Krogh
     *Attorneys for Defendants Jared*
     *Standing and Roosevelt County*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 3rd day of March, 2022, a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| 1-3 | CM/ECF |
| | Hand Delivery |
| | Mail |
| | Overnight Delivery Service |
| | Fax |
| | Email |

1.   Clerk, U.S. District Court

2.   Timothy M. Bechtold
     Bechtold Law Firm, PLLC
     317 East Spruce Street
     P.O. Box 7051
     Missoula, MT 59807-7051
         *Attorneys for Plaintiff*

3.   John M. Newman
     Assistant United States Attorney
     United States Attorney's Office
     P.O. Box 8329
     Missoula, MT 59807
         *Attorneys for Defendant United States of America*


                         /s/ Harlan B. Krogh
                    Harlan B. Krogh